## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **FEDERAL DEPOSIT INSURANCE** | ) | |
| **CORPORATION, as Receiver of Franklin** | ) | |
| **Bank, S.S.B.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:14-CV-1408** |
| | ) | **Jury Trial Demanded** |
| **v.** | ) | |
| | ) | |
| **NATIONAL UNION FIRE INSURANCE** | ) | |
| **COMPANY OF PITTSBURGH, PA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### ANSWER

---

Comes now the Defendant, National Union Fire Insurance Company of Pittsburgh, Pa. (National Union"), by and through counsel, and for its Answer to the Complaint filed by the Plaintiff states as follows:

1.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

2.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint.

3.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint.

5.      National Union admits that it is a Pennsylvania corporation with its principal place of business located at 175 Water Street, New York NY 10038, and that its registered agent for service of process is Corporation Service Company.  National Union denies the remainder of the allegations in Paragraph 5 of the Complaint.

6.      Admitted.

7.      National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8.      National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9.      National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

10.      National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11.      National Union admits that AIG Claims Inc. is a Delaware corporation with its principal place of business located at 175 Water Street, New York NY 10038, and that it is authorized to transact business in Virginia.  National Union denies the remainder of the allegations in Paragraph 11 of the Complaint.

12.      Admitted.

13.     National Union admits that subject matter jurisdiction is proper before this Court.

14.     National Union admits that this Court has personal jurisdiction.

15.     National Union admits that venue is proper before this Court.

16.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20.     The terms of the Master Repurchase Agreement (the "MRA") and the Guaranty Agreement speak for themselves, and National Union denies any allegations in paragraph 20 inconsistent therewith.

21.     The terms of the MRA speak for themselves, and National Union denies all other allegations in paragraph 21 of the Complaint inconsistent therewith.

22.     The terms of the MRA speak for themselves, and National Union denies all other allegations in paragraph 22 of the Complaint inconsistent therewith.

23.     The terms of the MRA speak for themselves, and National Union denies all other allegations in paragraph 23 of the Complaint inconsistent therewith.

24.     The terms of the MRA speak for themselves, and National Union denies all other allegations in Paragraph 24 of the Complaint inconsistent therewith.

25.     The terms of the MRA speak for themselves, and National Union denies all other allegations in paragraph 25 of the Complaint, including subparts (a) through (j), inconsistent therewith. National Union lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25, including subparts (a) through (j), of the Complaint.

26.     The terms of the MRA speak for themselves, and National Union denies all other allegations in paragraph 26 of the Complaint inconsistent therewith.

27.     The terms of the MRA speak for themselves, and National Union denies all other allegations in paragraph 27 of the Complaint inconsistent therewith.

28.     The terms of the MRA speak for themselves, and National Union denies all other allegations in paragraph 28 of the Complaint inconsistent therewith.

29.     The terms of the MRA speak for themselves, and National Union denies all other allegations in paragraph 29 of the Complaint inconsistent therewith.

30.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

35.     National Union admits that it issued Financial Institution Bond No. 741-93-18, with an effective Bond Period of April 30, 2007 to April 30, 2008, naming Franklin Bank Corp. as Insured (the "Bond").  The terms of the Bond, and of Exhibit A to the Complaint, speak for themselves.  National Union denies all other allegations in Paragraph 35 of the Complaint inconsistent therewith.

36.     The terms of the Bond speak for themselves, and National Union denies all allegations in Paragraph 36 of the Complaint inconsistent therewith.

37.     The terms of the Bond speak for themselves, and National Union denies all allegations in Paragraph 37 of the Complaint inconsistent therewith.

38.     The terms of the Bond speak for themselves, and National Union denies all allegations in Paragraph 38 of the Complaint inconsistent therewith.

39.     The terms of the Bond speak for themselves, and National Union denies all allegations in Paragraph 39 of the Complaint inconsistent therewith.

40.     The terms of the Bond speak for themselves, and National Union denies all allegations in Paragraph 40 of the Complaint inconsistent therewith.

41.     Denied.

42.     The allegations in Paragraph 42 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, National Union denies the allegations in Paragraph 42 of the Complaint.

43.     The terms of the Bond speak for themselves, and National Union denies all allegations in Paragraph 43 of the Complaint inconsistent therewith.

44.     National Union admits that it received a letter dated April 18, 2008, the terms of which speak for themselves.  National Union denies the remainder of the allegations in Paragraph 44 of the Complaint.

45.     National Union admits that the FDIC submitted a document, entitled "Proof of Loss," dated January 15, 2009, the terms of which speak for themselves.  National Union denies the remainder of the allegations in Paragraph 45 of the Complaint.

46.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

47.     The terms of Exhibit B speak for themselves, and National Union denies all other allegations in Paragraph 47 of the Complaint inconsistent therewith.

48.     The terms of Exhibit C speak for themselves, and National Union denies all other allegations in Paragraph 48 of the Complaint inconsistent therewith.

49.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

50.     The terms of Paragraph 15 of Exhibit B speak for themselves, and National Union denies all other allegations in Paragraph 50 of the Complaint inconsistent therewith.

51.     The terms of Paragraph 16 of Exhibit B speak for themselves, and National Union denies all other allegations in Paragraph 51 of the Complaint inconsistent therewith. National Union does not have sufficient information to form a belief as to the remaining allegations contained in paragraph 51 of the Complaint.

52.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

54.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint.

55.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint.

56.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57.     The allegations in paragraph 57 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60.     Denied.

61.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint.

63.     Denied.

64.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint.

65.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint.

66.     Denied.

67.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint.

68.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint.

69.     Denied.

70.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint.

71.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint.

72.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint.

73.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint.

74.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint.

75.     Denied.

76.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint.

77.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint.

78.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint.

79.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint.

80.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of the Complaint.

81.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of the Complaint.

82.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint.

83.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Complaint.

84.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 of the Complaint.

85.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Complaint.

86.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Complaint.

87.     Denied.

88.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Complaint.

89.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 of the Complaint.

90.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Complaint.

91.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Complaint.

92.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Complaint.

93.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Complaint.

94.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Complaint.

95.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Complaint.

96.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Complaint.

97.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 of the Complaint.

98.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Complaint.

99.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Complaint.

100.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 of the Complaint.

101.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Complaint.

102.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 of the Complaint.

103.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 of the Complaint.

104.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 of the Complaint.

105.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Complaint.

106.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 of the Complaint.

107.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 of the Complaint.

108.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 of the Complaint.

109.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 of the Complaint.

110.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 of the Complaint.

111.    Denied.

112.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 of the Complaint.

113.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 of the Complaint.

114.    Denied.

115.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 of the Complaint.

116.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 of the Complaint.

117.    Denied.

118.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 of the Complaint.

119.    National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 of the Complaint.

120.    National Union admits that it received a letter dated April 18, 2008, the terms of which speak for themselves.   National Union denies the remainder of the allegations in Paragraph 120 of the Complaint.

121.     National Union admits that the FDIC submitted a document, entitled "Proof of Loss", dated January 15, 2009, the terms of which speak for themselves.  National Union denies the remainder of the allegations in Paragraph 121 of the Complaint.

122.     The Proof of Loss speaks for itself, and National Union denies all other allegations in Paragraph 122 of the Complaint inconsistent therewith.

123.     The Proof of Loss speaks for itself, and National Union denies all other allegations in Paragraph 123 of the Complaint inconsistent therewith.

124.     National Union admits that the FDIC's settlement with Old Republic reduces the amount of claimed loss under the Bond.  National Union denies the remainder of the allegations in Paragraph 124 of the Complaint.

125.     The email transmitted by the FDIC's counsel to National Union dated December 21, 2010 speaks for itself, and National Union denies all other allegations in Paragraph 125 of the Complaint inconsistent therewith.

126.     National Union lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126 of the Complaint.

127.     The terms of Exhibit D speak for themselves, and National Union denies all other allegations in Paragraph 127 of the Complaint inconsistent therewith.

128.     The terms of National Union's February 22, 2011 denial letter speak for themselves, and National Union denies all other allegations in Paragraph 128 of the Complaint.

129.     National Union denies that Franklin Bank or the FDIC has suffered any loss that is covered by the Bond.  National Union lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 129 of the Complaint.

130.     National Union hereby reasserts its responses in Paragraphs 1-129 of this Answer.

131.     The terms of the Bond speak for themselves.  National Union denies all other allegations in the Paragraph 131 of the Complaint.

132.     Denied.

133.     Denied.

134.     Denied.

135.     National Union hereby denies all allegations in the Complaint not expressly admitted herein.  National Union denies that coverage is implicated under the Bond or that the FDIC is entitled to any of the relief sought in its "Prayer for Relief."

<u>**Affirmative Defenses**</u>

A.     National Union hereby asserts and incorporates by reference those affirmative defenses set forth in Federal Rules of Civil Procedure 8 and 12, as if restated herein, as the applicability of any of these defenses shall be determined during discovery with Amendment to this Answer accordingly.

B.     The Complaint fails to state a claim upon which relief can be granted.

C.     Coverage under the Bond is excluded pursuant to Section 2 (Exclusions) of the Conditions and Limitations portion of the Bond, including but not limited to Exclusion 2(a), which excludes coverage for:

> [L]oss resulting directly or indirectly from forgery or alteration, except when covered under Insuring Agreements (A), (D), (E) or (F).

D. Coverage under the Bond is excluded pursuant to Section 2 (Exclusions) of the Conditions and Limitations portion of the Bond, including but not limited to Exclusion 2(d), which excludes coverage for:

> [L]oss resulting directly or indirectly from any acts of any director of the Insured other than one employed as a salaried, pensioned or elected official or an Employee of the Insured, except when performing acts coming within the scope of the usual duties of an Employee, or while acting as a member of any committee duly elected or appointed by resolution of the board of directors of the Insured to perform specific, as distinguished from general, directorial acts on behalf of the Insured.

E. Coverage under the Bond is excluded pursuant to Section 2 (Exclusions) of the Conditions and Limitations portion of the Bond, including but not limited to Exclusion 2(e), which excludes coverage for:

> [L]oss resulting directly or indirectly from the complete or partial non-payment of, or default upon, any Loan or transaction involving the Insured as a lender or borrower, or extension of credit, including the purchase, discounting or other acquisition of false or genuine accounts, invoices, notes, agreements or Evidences of Debt, whether such Loan, transaction or extension was procured in good faith or through trick, artifice, fraud or false pretenses, except when covered under Insuring Agreements (A), (D) or (E).

F. Coverage under the Bond is excluded pursuant to Section 2 (Exclusions) of the Conditions and Limitations portion of the Bond, including but not limited to Exclusion 2(h), which excludes coverage for:

> [L]oss caused by an Employee, except when covered under Insuring Agreement (A) or when covered under Insuring Agreement (B) or (C) and resulting directly from misplacement, mysterious unexplainable disappearance or destruction of or damage to Property.

G.      Coverage under the Bond is excluded pursuant to Section 2 (Exclusions) of the Conditions and Limitations portion of the Bond, including but not limited to Exclusion 2(p), which excludes coverage for:

> [L]oss resulting directly or indirectly from counterfeiting, except when covered under Insuring Agreements (A), (E) or (F).

H.      Coverage under the Bond is excluded pursuant to Section 2 (Exclusions) of the Conditions and Limitations portion of the Bond, including but not limited to Exclusion 2(s), which excludes coverage for:

> [P]otential income, including but not limited to interest and dividends, not realized by the Insured.

I.      Coverage under the Bond is excluded pursuant to Section 2 (Exclusions) of the Conditions and Limitations portion of the Bond, including but not limited to Exclusion 2(t), which excludes coverage for:

> [D]amages of any type for which the Insured is legally liable, except compensatory damages, but not multiples thereof, arising directly from a loss covered under this bond.

J.      Coverage under the Bond is excluded pursuant to Section 2 (Exclusions) of the Conditions and Limitations portion of the Bond, including but not limited to Exclusion 2(u), which excludes coverage for:

> [A]ll fees, costs and expenses incurred by the Insured
>
> (1) in establishing the existence of or amount of loss covered under this bond, or
>
> (2) as a party to any legal proceeding whether or not such legal proceeding exposes the Insured to loss covered by this bond.

K.      Coverage under the Bond is excluded pursuant to Section 2 (Exclusions) of the Conditions and Limitations portion of the Bond, including but not limited to Exclusion 2(v), which excludes coverage for "indirect or consequential loss of any nature."

L.      Insuring Agreement B, Insuring Agreement C, Insuring Agreement D, or Insuring Agreement E is subject to a $10,000,000 Single Loss Limit of Liability and a $150,000 Single Loss Deductible.

M.      Rider No. 4, entitled "Fraudulent Mortgages Rider," is subject to a $5,000,000 Single Loss Limit of Liability and a $150,000 Single Loss Deductible.

N.      Rider No. 14, entitled "Claim Expense," is subject to a $100,000 Single Loss Limit of Liability and a $2,500 Single Loss Deductible.

O.      There is no coverage under the Bond pursuant to Section 12 (Termination or Cancellation) of the Conditions and Limitations portion of the Bond states, *inter alia*, "This bond terminates as an entirety upon occurrence of any of the following: . . . (c) immediately upon the taking over of the Insured by a receiver or other liquidator or by State or Federal officials."

P.      The Complaint is barred, in whole or in part, to the extent any statutory, contractual, or equitable limitations period has expired.

Q.      The FDIC has failed to satisfy its burden of establishing all elements of coverage under Insuring Agreement B.

R.      The FDIC has failed to satisfy its burden of establishing all elements of coverage under Insuring Agreement C.

S.      The FDIC has failed to satisfy its burden of establishing all elements of coverage under Insuring Agreement D.

957545.1

T.     The FDIC has failed to satisfy its burden of establishing all elements of coverage under Insuring Agreement E.

U.     The FDIC has failed to satisfy its burden of establishing all elements of coverage under Rider No. 4.

V.     The FDIC has failed to satisfy its burden of establishing all elements of coverage under Rider No. 14.

W.     National Union hereby asserts all conditions, limitations, exclusions, or defenses under the Bond as a defense to the claimed loss, the application of each provision of the Bond to be determined upon further discovery in this case.

X.     The Complaint is barred, in whole or in part, pursuant to Section 9 (Other Insurance or Indemnity) of the Conditions and Limitations portion of the Bond.

Y.     The Complaint is barred, in whole or in part, to the extent that Franklin Bank or the FDIC breached Section 7 (Assignment – Subrogation – Recovery – Cooperation) of the Conditions and Limitations portion of the Bond.

Z.     The Complaint is barred, in whole or in part, to the extent that Franklin Bank or the FDIC breached Section 5 (Notice/Proof – Legal Proceedings Against Underwriter) portion of the Bond.

AA.     The FDIC lack standing to pursue coverage under the Bond.

BB.     National Union may have certain other affirmative defenses which have not yet become apparent based upon the allegations in the Complaint.  National Union reserves the right to assert any additional affirmative defenses by amended this pleading or otherwise.

Respectfully submitted,

/s/_____
Sarah K. Simmons, Esq. (Va. Bar 79059)
Carter B. Reid, Esq. (Va. Bar 27192)
Watt Tieder Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean VA 22102
Phone: 703-749-1028
Fax:  703-893-8029
Email: creid@watttieder.com
          ssimmons@watttieder.com

*Attorney for The National Union Fire Insurance
Company of Pittsburgh, PA*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via this Court's ECF system on this 23rd day of March, 2015.

Bruce E. Alexander
Jason W. McElroy
Michael S. Trabon
WEINER BRODSKY KIDER P.C.
1300 19th Street, NW, Fifth Floor
Washington, DC 20036-1609

/s/ Sarah Simmons_____